[Civ. No. 7772. First Appellate District, Division One.—September 25, 1931.]

PEARL JOSEPHINE ANDERSON, Appellant, v. BOARD OF MEDICAL EXAMINERS, etc., et al., Respondents.

Paul W. Schenck for Appellant.

Richard M. Lyman, Jr., for Respondents.

KNIGHT, J.—After trial before the Board of Medical Examiners upon charges of unprofessional conduct, plaintiff's certificate to practice medicine and surgery in this state was revoked, and subsequently she instituted this pro-

ceeding in the superior court for the purpose of annulling the order of revocation upon the ground that the accusation upon which it was based was legally insufficient to confer jurisdiction on said board to hear and determine the matter. Judgment was entered in favor of the board, and plaintiff has taken this appeal therefrom.

The sworn complaint initiating the proceedings before said board contained seven counts, and the order of revocation was based upon the board's affirmative finding that the charge set forth in the first count was sustained. The remaining counts were dismissed. The essential allegations of the first count were as follows: "Said Albert Carter further alleges and complains that since the issuance of said certificate of license to practice medicine and surgery to said Pearl Josephine Anderson by said Board of Medical Examiners, the said Pearl Josephine Anderson has been guilty of unprofessional conduct as the same is defined under the terms and provisions of subdivision 7a of section 14 of the State Medical Practice Act of the state of California, Statutes of 1913, as amended, and in that behalf alleges more particularly as follows, to wit: That on or about 16th day of December, 1927, and for some time immediately prior thereto, the said Pearl Josephine Anderson, did, in the city of Los Angeles, county of Los Angeles, state of California, aid and abet one Clodine Brown to practice a system and mode of treating the sick and afflicted, the said Clodine Brown being then and there without and not having a valid unrevoked certificate of license from the Board of Medical Examiners of the State of California, or any license, or certificate, or certificate of license, entitling her, the said Clodine Brown, to practice a, or any, system or mode of treating the sick and afflicted in the State of California, as she, the said Pearl Josephine Anderson then and there well knew." The point urged by plaintiff against the legal sufficiency of said count is that the phrase "aid and abet" as used therein is the conclusion of the pleader deduced from facts which should have been pleaded. In other words, it is contended that the accusation is fatally defective in failing to set forth the specific acts relied upon as constituting aiding and abetting.

The rule followed in this state in determining the question of the legal sufficiency of accusations filed with

the Board of Medical Examiners seems to be that if the language of the statute upon which the accusation is based is sufficiently explicit to advise the person charged thereunder of the particular kind of unprofessional conduct of which he is accused, an accusation following the language of the statute is legally sufficient to confer jurisdiction on the board to hear and determine the matter. (*Lanterman* v. *Anderson,* 36 Cal. App. 472 [172 Pac. 625]; *Suckow* v. *Alderson,* 182 Cal. 247 [187 Pac. 965]; *Tapley* v. *Abbott,* 111 Cal. App. 397 [295 Pac. 911].)

■ Section 14 of the Medical Practice Act, as amended in 1927 (Stats. 1927, p. 99), which grants power to the Board of Medical Examiners to revoke certificates to practice for "unprofessional conduct", contains some eighteen subdivisions defining various acts which shall be deemed to constitute "unprofessional conduct"; and subdivision 7 (a) of said section, upon which the first count herein was based, declares that " . . . the aiding or abetting any unlicensed person to practice any system or mode of treating the sick or afflicted" shall constitute "unprofessional conduct". As will be noted, the accusation herein follows the language of the statute, which, construed in the light of the cases above cited, appears to be sufficiently explicit to inform the person charged of the particular kind of unprofessional conduct of which he is accused. As said in *People* v. *Wong Hing,* 176 Cal. 699, 706 [169 Pac. 357], the words "aid" and "abet" are commonplace words, the meaning of which is well understood; and it is held that the legal definition thereof is no different from their meaning in common parlance (7 Cal. Jur. 888). In so holding the court in *People* v. *Bond,* 13 Cal. App. 175 [109 Pac. 150], in quoting from *State* v. *Tally,* 102 Ala. 25 [15 South. 722], says that the word "aid" means to assist, to supplement the efforts of another; whereas the word "abet" includes the elements of knowledge of the wrongful purpose of the perpetrator and counsel and encouragement in the illegal act. ■ Moreover, it is well settled in this state that proceedings before the Board of Medical Examiners are not to be governed by the technical rules of pleading which may be invoked in criminal actions. (20 Cal. Jur. 1063; *Suckow* v. *Alderson, supra; Dyment* v. *Board of Medical Examiners,* 57 Cal. App. 260 [207 Pac. 409, 411].) In

this regard the court in the latter case says: "It is, of course, needless to cite authorities upon the proposition that neither as to pleadings nor as to evidence must the procedure in trials before medical boards be marked by the refinements and subtleties which are characteristic of the conduct of actions in courts of law. The cases upon this point are both uniform and numerous." But even in those jurisdictions where the common-law distinction still exists between principals and accessories, it is held that an accusation charging a person with being an accessory need not set forth specifically the facts relied upon as constituting and aiding or abetting, it being necessary only to follow the language of the statute defining an accessory. (1 Ruling Case Law, p. 152.) It is evident, therefore, that the rule of construction here contended for by plaintiff is even more technical than the one applied in criminal actions.

Plaintiff relies mainly upon the decision in the case of *Dyment* v. *Board of Medical Examiners, supra,* wherein the accused was charged with having "procured by fraud and misrepresentation a certificate to practice medicine", and it was held that the accusation was legally insufficient to confer jurisdiction upon the board to hear and determine the matter because it did not set forth any of the facts relied upon as constituting fraud and misrepresentation. The word "fraud", however, unlike the words "aid" and "abet" has no fixed, definite meaning. It is an inference of law to be drawn from facts, and circumstances alleged and proved. (*People* v. *McKenna*, 81 Cal. 158 [22 Pac. 488].) It "can and does assume so many shapes that courts and authors have ever been cautious in attempting to define it. Each case in which it is claimed that fraud is involved must be considered under its own facts." (12 Cal. Jur. 705.) Stated in other words, "It is utterly impossible to formulate any single statement which shall accurately define the equitable conception of fraud, and which shall contain all of the elements which enter into that conception." (2 Pomeroy's Equity Jurisprudence, 4th ed., p. 1802.) Therefore, it has always been held that an allegation of fraud in general terms presents no issuable fact; and that the facts constituting the fraud must be pleaded with particularity. (*People* v. *McKenna, supra,* citing

among other cases *United States* v. *Watkins*, 3 Cranch C. C. 441 [Fed. Cas. No. 16,649].) Furthermore, the Dyment case did not involve a charge of "unprofessional conduct", the obtaining of a certificate by fraud and misrepresentation not being classified as such in the act, and not being included within any of the eighteen subdivisions of section 14 defining that term. It constitutes a separate and distinct ground for revocation. For the two reasons above stated we do not deem the decision in that case controlling here.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.