[Civ. No. 8522.   First Appellate District, Division One.—December 5, 1932.]

CHRISTOPHER HOWSON, M. D., Appellant, v. BOARD OF MEDICAL EXAMINERS OF THE STATE OF CALIFORNIA et al., Respondents.

Harry G. Henderson for Appellant.

C. M. Fickert for Respondents.

STROTHER, J., *pro tem.*—This is an appeal from a judgment affirming on review an order of the Board of Medical Examiners by which the petitioner was suspended from practice in this state as a physician and surgeon for "unprofessional conduct".

The accusation presented to the board was in two counts, the first alleging the violation of subdivision seventh (a) of section 14 of the Medical Practice Act, and the second charging a violation of subdivision eighth of the same section.

The act specifies minutely the training which a person shall have in various systems of treating human infirmities in order to entitle him to a license to practice. Section 14 provides the procedure for the trial of licensees on charges of "unprofessional conduct", and defines with particularity what acts shall constitute such conduct. One such act is described in subdivision seventh (a) as "employing directly or indirectly any suspended or unlicensed practitioner in the

practice of any system or mode of treating the sick or afflicted, or the aiding or abetting any unlicensed person to practice any system or mode of treating the sick or afflicted''. Subdivision eighth denounces the use by the licensee of any other name than his own in his practice.

█ The first question appellant raises is of the constitutionality of the act. He contends that it is an attempt to unlawfully delegate to a judicial body the legislative power to create and define crimes, and cites decisions of the courts of this state as authority for his contention. The decisions referred to were not in construction of this act, and have no application to its provisions. The definition in the act is so all-embracing that there is no need for construction in order to bring any particular set of facts within its terms. Every person of common knowledge knows what ''treating the sick or afflicted'' means. The doing of any act, in accordance with ''any system or mode'' of treatment, would be within the terms of the definition.

█ It is claimed by the appellant that the charges in form, as set out in the accusation, were not sufficient to state an offense. The statement of the charges was in the language of the statute, which has been held to be sufficient in the recent case of *Anderson* v. *Board of Medical Examiners,* 117 Cal. App. 113 [3 Pac. (2d) 344]. █ A specific objection made to the first count is, that it does not charge that appellant knew that the party whom he was alleged to have aided and abetted, was not a licensed practitioner. The objection was not made before the board, nor, so far as appears, to the trial court. The appellant testified at the hearing before the board that he employed the party, Wiedenmann, a resident of another state, knowing that he was not licensed to practice in this state, and put him in charge of patients of appellant, for medical attention and treatment.

█ It is contended that the evidence was not sufficient to support the finding of the board. So far as the first count is concerned, appellant's testimony fully supported it. We think the objection is well taken, however, as to the second count. The names of hospitalization institutions were used in connection with, but not as substitutes for, appellant's name and professional title. The finding of the board, that appellant had been guilty of ''unprofessional conduct'',

being supported by the evidence, the order of suspension was properly confirmed by the trial court.

The judgment is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 2, 1933.

Langdon, J., dissented.