## Riley v. Commonwealth.

(Decided June 1, 1937.)

STEPHEN H. RICE for appellant.

HUBERT MEREDITH, Attorney General, and JESSE K. LEWIS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

The appellant, Otto Riley, has been sentenced to the penitentiary for two years for the crime of exploding dynamite or other explosive substances under the house of Luther Lyttle. Section 1375, Kentucky Statutes.

Lyttle lived up Buck fork of Meadow creek in Owsley county. The defendant was staying with his mother about 300 yards away. The parties had been friends up to the time, according to Lyttle, that he had mistreated a little girl at his house; but according to Riley up to the time he had refused to let Lyttle have his pistol to shoot another of his friends. It appears on the day before the house was dynamited Lyttle had testified against the defendant in some kind of prosecution against him. The latter testified: "I haven't a thing in the world against him nor any of his family, but I can bring you twenty people that will tell you they are nothing but a gang of lie-swearers." However, he qualified his statement of friendly relations by saying he had nothing against Lyttle, "only he is trying to swear my life away is all."

Lyttle was awakened by an explosion which was followed by one more severe. It broke out the window panes and otherwise damaged the building. Lyttle ran

out into the yard, and there saw appellant, Elmer Wilson, and Dudley Gabbard, and three or four other men whom he did not recognize. He procured his shotgun, wife, and stepson and started down the road to his father-in-law's a half mile away, in order to "call the law." The three testified that these same men were walking ahead of them. They climbed over a fence and undertook to go ahead, but about the schoolhouse the two parties met. Some shooting occurred in which Lyttle's boy was "skamped" in the arm. Lyttle, his wife and boy, testified to the identity of the appellant, Wilson, and Gabbard.

Riley's defense was an alibi. He had reached the home of his brother up Split Poplar of Meadow creek about the "edge of dark," going for the purpose of sitting up with his brother's wife, who was very sick, and his little boy, who had "his head half shot off." He remained there until some medicine was given the two patients at 11 o'clock and then went home. Four or five witnesses corroborated Riley. Wilson and Gabbard testified they knew nothing about the dynamiting. The appellant had previously served a term in the penitentiary and had been recently employed in road construction in which dynamite was used, although he testified he had nothing to do with that particular work, and never shot a stick of dynamite in his life.

The evidence manifestly was sufficient to sustain the verdict.

However, there are two prejudicial errors in the instructions. The appellant, Wilson, and Gabbard were jointly indicted as principals only. Although an instruction on the theory of a conspiracy was authorized (Ray v. Com., 230 Ky. 656, 20 S. W. (2d) 484, 66 A. L. R. 1297), the court confined the instructions to the theories of the defendant as a principal and as aider and abettor. The latter portion of the instruction, covering this idea, authorized the jury to find the defendant guilty if they believed from the evidence beyond a reasonable doubt that either Wilson or Gabbard, "or any other person then and there present did wilfully, maliciously and feloniously explode or cause to be exploded dynamite or other explosive substances within or under the dwelling house of Luther Lyttle and his family, and that the defendant, Otto Riley, was then and there present and near enough so to do and

did then and there aid, abet, assist, encourage, counsel or advise the said Elmer Wilson or Dudley Gabbard, or any other person then and there present to so explode or cause to be exploded dynamite or other explosive substances within or under the dwelling house of Luther Lyttle," etc.

Under the indictment charging only the three men, and without any allegation that there were others either named or whose names were unknown to the grand jury, it was not proper to authorize the defendant's conviction if he aided and abetted any other person in the commission of the crime. Smith v. Com., 257 Ky. 669, 79 S. W. (2d) 20.

It will be observed that the jury was authorized to find the defendant guilty of aiding and abetting the two named or other men without providing that he must have done so willfully, maliciously, and feloniously. This was error. Moore v. Com., 266 Ky. 514, 99 S. W. (2d) 715.

Mrs. Lyttle was permitted to testify over an objection that, when the defendant and his companions were near the home of Tilda Turner after the shooting, she heard a woman ask, "Ott are you hurt?" This was but a species of hearsay and was incompetent. Howard v. Commonwealth, 227 Ky. 142, 12 S. W. (2d) 324.

The judgment is reversed.