[Civil No. 4289.   Filed April 28, 1941.]

[112 Pac. (2d) 877.]

HAROLD W. DAVIS, Appellant, v. THE ARIZONA STATE DENTAL BOARD and P. H. BENNETT, R. A. McCALL, F. W. BOVILLE, B. A. GLENNIE and J. L. BORAH, as Members of the Arizona State Dental Board, Appellees.

Messrs. Struckmeyer & Flynn, for Appellant.

Mr. Henderson Stockton, Mr. Eli Gorodezky, Mr. S. N. Karam and Mr. J. W. Cherry, Jr., for Appellees.

LOCKWOOD, C. J.—This is an appeal from a judgment of the superior court of Maricopa county, on a writ of *certiorari* from an order of the Arizona State Dental Board, revoking the license of Harold W. Davis, plaintiff.

The first question for our consideration is a motion by the board to dismiss the action on the ground that *certiorari* to the superior court does not lie. We have considered the identical question in the case of *Batty* v. *Arizona State Dental Board, ante,* p. 239, 112 Pac. (2d) 870, and reaffirm the rule laid down therein. The motion to dismiss is denied, and we consider the appeal on its merits. There are five legal propositions raised thereby.

The first is that chapter 24, session laws of Arizona, 1935, under which chapter these proceedings arose, requires the accusation made before the board to be in writing and "duly verified." We have examined the record and are of the opinion that the verification attached to the written charges is sufficient.

■ The next is that section 20 of chapter 24, *supra*, which sets up the particular facts for which a dental license may be revoked, was amended and repealed by chapter 54, session laws of 1939, and that the charges filed against plaintiff are insufficient under the later law. Section 1–109, Arizona Code, 1939, reads as follows:

*"Repealing act—Effect on pending action or accrued right.*—No action or proceeding commenced before any repealing act takes effect, and no right accrued is affected by such repealing act, but proceedings therein shall conform to the new act so far as applicable."

The proceedings herein were commenced, the hearing before the board held, and its order made long before the act of 1939 went into effect. We are of the opinion that they are governed by the act of 1935 so far as the validity of the accusation is concerned.

The third question is as to the refusal by the board to grant a bill of particulars to plaintiff before the hearing. This involves a consideration of the record on this point. The accusation, so far as material to this question, reads:

"That Dr. Harold W. Davis, D. D. S., employed one Ralph C. Proctor, an unlicensed person, from the month of June, 1936, continuously to the month of September, 1937, to do and perform work which can be done legally only by a licensed person. That during the course of the employment of said Ralph C. Proctor by the said Dr. Harold W. Davis, D.D.S., the said Ralph C. Proctor was directed to do and did do acts

that may be legally done only by a duly licensed dentist, among others the following:

"Among others making dentures. Upper dentures, lower dentures. Full upper and lower dentures. Partial upper and lower dentures. Taking of impressions and fitting dentures in mouths for all dentures specified."

It will be seen thereby that the charge is that plaintiff employed one Ralph C. Proctor to do certain work that could legally be done only by a duly licensed dentist, and that Proctor was not so licensed. When plaintiff appeared on the day set for hearing he moved for a bill of particulars giving the names of the persons upon whom the work was done and the particular work done upon each person. This motion was denied and the hearing proceeded without delay. Some four or five witnesses testified in regard to the nature of the dental work which Proctor did upon them and of the connection of plaintiff with such work so far as they were aware. This hearing was upon May 28, 1938. Thereafter, by agreement, the matter was continued until June 11. At this time the witnesses who had testified on May 28 were recalled and were fully cross-examined by counsel for plaintiff, and Proctor testified and was cross-examined. Thereafter plaintiff was given an opportunity to present such evidence as he desired, and three witnesses, including himself, testified in defense of the charges.

Had the hearing been concluded on May 28, without plaintiff having had an opportunity to know the names of the witnesses upon whom the work was alleged to have been done and the character of the work done upon them, and the order of revocation made at that time, we are of the opinion that it would have been fatal to the jurisdiction of the board. Boards of this nature, it is true, are not bound by all of the methods of procedure used in the more formal trials provided for in court. They are, after all, but

*quasi*-judicial bodies. *DuVall* v. *Board Medical Examiners,* 49 Ariz. 329, 66 Pac. (2d) 1026; *Anderson* v. *Board of Medical Examiners,* 117 Cal. App. 113, 3 Pac. (2d) 344; *Dyment* v. *Board Medical Examiners,* 57 Cal. App. 260, 207 Pac. 409. And we have held that proceedings of this kind are not criminal and do not require that every doubt be resolved in favor of the innocence of the licensee. *DuVall* v. *Board Medical Examiners, supra.* Nevertheless the fundamental principles of law and equity do apply to their actions. *Mutual Benefit Health & Accident Ass'n* v. *Neale,* 43 Ariz. 532, 33 Pac. (2d) 604; *Simpkins* v. *State Banking Dept.,* 45 Ariz. 186, 42 Pac. (2d) 47. One of these principles is that the accused shall have knowledge of the charges against him and a reasonable opportunity of meeting them. *Bradley* v. *Fisher,* 13 Wall. 335, 80 U. S. 335, 20 L. Ed. 646. And a violation of this principle goes to the jurisdiction of the board to act at all. *Ex parte Wall,* 107 U. S. 265, 2 Sup. Ct. 569, 27 L. Ed. 552.

■■ We think that to compel plaintiff to go to trial without knowing, at such a time and in such a manner that he could properly prepare to refute their testimony, the names of the witnesses to be used against him and what violation of the dental act they would testify he had committed, would have deprived him of a fundamental right. It was not necessary, however, that he should have been apprised of these facts at any particular time and in any particular manner so long as he had proper opportunity to make a defense. The record shows that the witnesses against him testified on May 28 and on that day he had full knowledge not only of what he was entitled to know, to-wit, who they were and what the substance of their testimony would be, but what it actually was, and he was then given until June 11 to prepare his defense. We think under these circumstances he had

ample opportunity in which to meet the testimony of these witnesses, and the failure to grant a bill of particulars when demanded did not go to the jurisdiction of the board.

■ The fourth objection is that the evidence is insufficient to sustain the charges. It must be remembered that in proceedings of this kind neither this nor the trial court passes upon the weight of the evidence. It is sufficient if there is testimony that, if believed by a reasonable man, would show the jurisdiction of the board to act. It is unnecessary for us to set forth the evidence in detail. We need only say that it is ample both in quantity and quality, if believed by the board, to have justified it in finding plaintiff had violated the dental act, as charged, not once, but repeatedly and continuously.

■ The last proposition is that the penalty is so severe that this court may modify it. The statute is explicit as to the only penalty which may be inflicted for a violation of the dental act, to-wit, a revocation of the license to practice dentistry. We appreciate that it is severe, but it is not beyond the power of the legislature to inflict, and we may not substitute our judgment for its on this point.

The judgment is affirmed.

McALISTER and ROSS, JJ., concur.