**Virgil (Nick) HALEY, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 27, 1956.

Joseph B. Hennessey, Augusta, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

CAMMACK, Judge.

The appellant, Virgil (Nick) Haley, was convicted of aiding and abetting William (Billy) Woosley in the malicious cutting and wounding of James Bonfield with intent to kill, and received a sentence of three years' imprisonment. The transcript of evidence is not before us, and only a bill of exceptions has been filed. The circumstances surrounding the encounter, as they appeared on the trial of Woosley, are set forth in Woosley v. Commonwealth, Ky., 282 S.W.2d 625.

Haley seeks a reversal of the judgment upon the grounds that (1) his demurrer to the indictment should have been sustained by the trial court because the indictment was not direct and certain regarding the offense charged; and (2) the instructions failed to set forth clearly that an aider

**526**

and abettor must share the intent or purpose of the principal.

 Section 124(2) of the Criminal Code of Practice requires that an indictment be direct and certain regarding the offense charged. The accusatory portion of the indictment under which Haley was convicted specifically charged him with the crime of "aiding and abetting another with the offense of malicious cutting and wounding another with intent to kill." The descriptive part of the indictment clearly set out the acts constituting the alleged offense, as required by Section 122(2) of the Criminal Code of Practice. While a compliance with Section 122(2) will not dispense with the necessity of compliance with Section 124(2) (see Puckett v. Commonwealth, 264 Ky. 577, 95 S.W.2d 242), we fail to see how the indictment, as drawn, is indirect or uncertain as to the offense charged. The language used charged Haley with the crime of aiding and abetting another in the offense of malicious cutting and wounding with intent to kill in terms that were direct and certain.

 The second ground upon which Haley seeks a reversal is also without merit. While it is true that a defendant, to be guilty of the crime of aiding and abetting, must have shared the criminal intent or purpose of the principal (see Whitt v. Commonwealth, 221 Ky. 490, 298 S.W. 1101, and Moore v. Commonwealth, 266 Ky. 514; 99 S.W.2d 715), we think the trial court covered that requirement by telling the jury that Haley should be found guilty only if it believed that he was "present and did at said time and place *wilfully* and *maliciously* aid, assist, abet, advise, counsel and encourage the said William 'Billy' Woosley Jr. to cut, stab and wound the said James Bonfield for the purpose of killing the said James Bonfield." (Emphasis ours.) The use of the words "wilfully and maliciously" showed that Haley, to be found guilty, must have had the required criminal intent of an aider and abettor. See Moore v. Commonwealth, 266 Ky. 514, 99 S.W.2d 715; Riley v. Commonwealth, 269 Ky. 8, 106 S.W.2d 85.

The judgment is affirmed.