UNITED STATES of America,
Plaintiff-Appellee

v.

Willie TURNIPSEED, Defendant-
Appellant.

No. 12714.

United States Court of Appeals
Seventh Circuit.

Nov. 27, 1959.

Frank W. Oliver, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., John B. McFaddin, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., of counsel, for appellee.

Before DUFFY, SCHNACKENBERG and KNOCH, Circuit Judges.

DUFFY, Circuit Judge.

Defendant Turnipseed and five co-defendants were charged in a four-count indictment. In Count I they were charged with forging the name of the payee on a United States Treasury check; in Count II, with uttering said forged instrument; in Count III, with unlawfully possessing said check; and in Count IV, with unlawfully possessing a second government check. In each of Counts III and IV, it was charged the check described therein had been unlawfully abstracted from a letter which had been stolen from an authorized depository for mail.

Defendants Reed and Turner entered pleas of guilty; the other three co-defendants and the defendant herein were tried together without a jury. Defendant Turnipseed was tried on the theory he was an aider and abettor. The Court found all defendants guilty as charged in the several counts of the indictment. The error charged on this appeal relates to the sufficiency of the evidence to support the Court's finding of guilt as to Turnipseed.

We must and do consider the evidence in the record in a light most favorable to the government. If there is

any substantial evidence to support the Court's finding of guilty, that finding must be sustained. United States v. Green, 7 Cir., 246 F.2d 155, 157; United States v. New York Great Atlantic & Pacific Tea Company, 7 Cir., 173 F.2d 79, 81.

On April 1, 1959, Turnipseed, who had no previous police record, borrowed an automobile from his friend Bradford. He picked up Williams and Roberts and drove about with them for some hours. The three drank some whiskey, fixed a flat tire, and did some errands. Later they were joined by Scott, Reed and Turner. Some one suggested to Turnipseed that if he would drive them to 69th and Halsted Streets, they would pay him. Upon arrival at that corner, Turner and Scott got out of the automobile and entered a Currency Exchange. Turnipseed also got out of the automobile but crossed the street to purchase a package of cigarettes.

Testimony of the events in the Currency Exchange was not admitted in evidence as to Turnipseed. It is here related to make understandable the action or lack of action by Turnipseed after reaching 69th and Halsted. After entering the Exchange, Turner handed a Treasury check to the operator of the Exchange in order to have same cashed. It was payable to one Rufus Morris, and had been endorsed with his name, but such signature was not Morris' genuine signature, nor signed by anyone authorized to do so. Turner also presented identification, but when the operator of the Exchange started to check on the identity by making a telephone call, Turner and Scott fled from the building. An alarm was sounded from the Exchange. The three co-defendants in the automobile started to drive away. Turner and Scott ran after the moving car and entered it. Turnipseed saw the car being driven away. He then returned to his home and went to bed.

An off-duty policeman who had been sitting in an automobile outside the Exchange and who heard the alarm, pursued the fleeing automobile and arrested the occupants. The Treasury check described in Count IV was discovered under the front seat of the car.

If the evidence is sufficient to sustain any of the Counts in the indictment before us, the finding of Turnipseed's guilt must be sustained. However, we are convinced that the government did not prove its case against this defendant on any ground. There is no evidence that he aided and abetted the forgery of the name of the payee of the check or the uttering of same. There is no showing that he had possession of either check except that there is the legitimate inference that such checks were transported by some of his co-defendants when they rode in the borrowed car which was driven by Turnipseed.

In order to aid and abet the commission of a crime it is necessary that the supposed aider and abettor act with knowledge that an offense is to be committed. Morei v. United States, 6 Cir., 127 F.2d 827, 836.[1] All that was proved here was that Turnipseed drove the car.

Some of Turnipseed's co-defendants made confessions. These confessions were not admitted in evidence as against Turnipseed. Nevertheless, the learned trial judge considered them as evidence against this defendant. The Judge stated Turnipseed talked about the checks during the time he drove the automobile. The only evidence of any such statement was in a co-defendant's confession which is not in this record so far as Turnipseed is concerned.

Where a number of defendants are tried together and evidence is received as to some but not as to the others, it usually is quite difficult for a trial judge to recall at the end of the trial just what evidence was used as against

---

1. One Evans was charged with a number of co-defendants with having committed violations of the narcotic law. Evans drove the automobile. No evidence was produced showing that Evans knew that a narcotic transaction was to take place or had taken place. The Court of Appeals reversed the conviction of Evans.

each of the defendants. In the case at bar, the trial judge erred in his recollection as to evidence which had been received against Turnipseed.

The motion for a judgment of acquittal as to defendant Willie Turnipseed should have been granted.

Reversed and remanded with instructions to grant the motion of acquittal.

Reversed.