**Prince DAVIS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19596.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 18, 1966.

Decided May 16, 1966.

Mr. Martin E. Gerel, Washington, D. C. (appointed by this court), for appellant.

Mr. Arthur L. Burnett, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker and William H. Collins, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, BURGER and WRIGHT, Circuit Judges.

### JUDGMENT

**PER CURIAM.**

This cause came on to be heard on the record on appeal from the United States District Court for the District of Columbia, and was argued by counsel.

On consideration whereof it is ordered and adjudged by this Court that the judgment of the District Court appealed from in this cause be, and it is hereby, affirmed.

BURGER, Circuit Judge (dissenting):

Appellant Davis, Jones, and one other were indicted for second degree murder as a result of the death of Thomas Overton, Jr., from knife wounds inflicted in a street fight. Jones was convicted of manslaughter, and Davis was found guilty of the same crime as an aider and abettor of Jones. The third defendant was also tried as an aider and abettor, but the jury deadlocked as to him. Davis' appeal challenges the accuracy of the aiding and abetting instruction.

The evidence before the jury was confusing and contradictory. In essence, as I read the record, it showed that Davis became involved in an argument with Overton, that this argument grew into a fight in which Davis repeatedly knocked Overton to the ground and hit him in the head with a milk crate; Davis claims he used the milk crate to fend off Overton's attack. After the fight had been going on for some time, Jones, a long-standing friend of Davis, jumped into the fray and held Overton's feet while Davis pummeled him; Jones then stabbed Overton rapidly and repeatedly, inflicting the wounds from which Overton died.

The District Court instructed the jury that they could find Davis guilty if they found Jones guilty and if they found that Davis had aided and abetted Jones in killing the decedent. In attempting to explain aiding and abetting, the District Judge made the following statement:

This principle of law comes into play when more than one person is *involved* in an offense * * *. [I]t is sufficient if the government proves that [Davis was] acting *in concert* with the defendant Jones. * * * In other words, under the law a person who advises or connives in any criminal offense, or aids or abets the principal offender, is himself as guilty as the principal offender, but mere physical

presence where the offense is committed is not enough to constitute [one] an aider and abettor. It is essential that the aider and abettor *share in the criminal intent* with the party who actually commits the offense. (Emphasis added.)

It seems to me that this charge failed to make as clear as the unusual fact situation required that the requisite criminal intent must have been in some way related to the stabbing and not merely to the scuffle. Given the sequence of events, the instruction is ambiguous in the use of the phrases "involved in an offense" and acting "in concert" with the prime actor. It is true, of course, that to be convicted as an aider and abettor a defendant need not know the specific *modus operandi* of the prime actor,[1] but he must be aware of the goal sought by that principal actor and intentionally participate, to whatever slight degree, in achieving *that goal*[2] or one that was the natural or probable consequence of what he assisted.[3]

As I read the record the aiding instruction did not make as clear as it should have that to find Davis guilty as an aider and abettor, the jury would have to find that (a) Davis had prior knowledge that Jones intended to use excessive force; (b) Jones' intervention put Davis on notice that Jones would escalate the pitch of battle and Davis remained in the fight with such awareness; or that (c) Davis should have known Jones was likely to use excessive force.

In these circumstances, close as the case may be, I think Davis ought to have

a new trial with the aiding and abetting instruction, which would have been adequate for most cases, adapted to fit the peculiar facts in evidence in this case.

1. Benchwick v. United States, 297 F.2d 330 (9th Cir. 1961).

2. Haley v. Commonwealth, 286 S.W.2d 525, 526 (Ky.1956); Jordan v. State, 81 Ala. 20, 1 So. 577 (1887); see Pereira v. United States, 347 U.S. 1, 11, 74 S.Ct. 358, 98 L.Ed. 435 (1954); Nye & Nissen v. United States, 336 U.S. 613, 619, 69 S.Ct. 766, 93 L.Ed. 919 (1949); United States v. Turnipseed, 272 F.2d 106 (7th Cir. 1959); Morei v. United States, 127 F.2d 827 (6th Cir. 1942); United States

v. Peoni, 100 F.2d 401 (2d Cir. 1938); People v. Goldstein, 146 Cal.App.2d 268, 303 P.2d 892, 895–896 (Dist.Ct.App. 1956); Anderson v. Board of Medical Examiners, 117 Cal.App. 113, 114, 3 P.2d 344, 346 (Dist.Ct.App.1931); State v. Ankrom, 86 W.Va. 570, 574, 103 S.E. 925, 927 (1920).

3. McClanahan v. United States, 230 F.2d 919 (5th Cir. 1956), cert. denied, 352 U. S. 824, 77 S.Ct. 33, 1 L.Ed.2d 47 (1956).