951 P.2d 1232

**SOUTHWESTERN PAINT & VARNISH CO., Plaintiff/Appellant,**

v.

**ARIZONA DEPARTMENT OF ENVIRONMENTAL QUALITY, Defendant/Appellee.**

No. 2 CA–CV 97–0072.

Court of Appeals of Arizona, Division 2, Department A.

Nov. 12, 1997.

Redesignated as Opinion and Publication Ordered Jan. 16, 1998.

Review Granted Sept. 10, 1998.

Lenore Tsakanikas, Tucson, for Plaintiff/Appellant.

Grant Woods, Attorney General by Paul J. McMurdie and Marc Steadman, Phoenix, for Defendant/Appellee.

## *OPINION*

BRAMMER, Judge.

Southwestern Paint & Varnish Company (SW) appeals from the trial court's order granting Arizona Department of Environmental Quality's (ADEQ) motion to dismiss for failure to exhaust administrative remedies. The trial court dismissed the action based on ADEQ's argument that because SW did not apply to the administrative agency for a review or rehearing of the final administrative decision, it failed to exhaust the available administrative remedies, thereby precluding judicial review. The trial court's understandable reliance on what we perceive as confusing precedent in this area is undercut by our current interpretation of the issue. As a result, we reverse.

## FACTS AND PROCEDURAL HISTORY

In September 1995, SW submitted a claim to the State Assurance Fund for environmental corrective action costs. In March 1996, ADEQ issued its final determination concluding that SW's claim for cleanup costs was ineligible for reimbursement. In April 1996, SW filed its notice of appeal contesting ADEQ's final determination and a formal

hearing was convened in June. In July, the administrative law judge (ALJ) issued its recommended decision affirming ADEQ's original decision. In September, the director of ADEQ issued a final decision and order adopting the ALJ's findings of fact and conclusions of law.

Instead of filing with the agency a motion for review or rehearing of the administrative decision, available under Arizona Administrative Code R18–1–218, SW filed a complaint for judicial review in October 1996. In January 1997, the trial court granted ADEQ's motion to dismiss.

## STANDARD OF REVIEW

 In reviewing a trial court's dismissal of a claim under Rule 12(b)(6), Ariz. R.Civ.P. 16 A.R.S., we accept the allegations in the complaint as true and resolve all inferences in favor of the plaintiff. *Wallace v. Casa Grande Union High School Dist. No. 82,* 184 Ariz. 419, 909 P.2d 486 (App.1995). We will uphold a dismissal only if it is certain that the plaintiff cannot prove any set of facts that would entitle it to relief. *Id.* We review questions of law de novo. *Phoenix Newspapers, Inc. v. Department of Corrections,* 188 Ariz. 237, 934 P.2d 801 (App.1997).

## JUDICIAL REVIEW OF ADMINISTRATIVE DECISIONS

 SW contends that since it has complied with A.R.S. § 12–910,[1] it is entitled to judicial review. Although SW has followed the filing procedures set forth in § 12–910, judicial review is only available when a party has received an adverse final administrative decision and has exhausted all available administrative remedies. *See* A.R.S. §§ 12–902 and 12–910; *Campbell v. Chatwin,* 102 Ariz. 251, 428 P.2d 108 (1967).

## DISCUSSION

### A. Arizona's Administrative Review Act

 The Arizona Administrative Review Act (ARA) is designed to govern judicial

---

1. Section 12–910, as amended by 1996 Ariz. Sess. Laws, ch. 102, § 16, provides that an "action to review a final administrative decision shall be heard and.... [i]f requested by a party

... within thirty days after filing a complaint, the court shall hold an evidentiary hearing, including testimony and argument...."

review of final administrative decisions when no other specific statute applies. *See* §§ 12–901 through 12–914; *see also Herzberg v. State ex rel. Humphrey,* 20 Ariz.App. 428, 513 P.2d 966 (1973) (provisions of the ARA are not applicable when a different statute provides for judicial review and establishes a definite procedure for such review). Because no statute expressly provides for review of environmental quality department decisions, the ARA and its procedures govern in this case.

The ARA determines the scope of review but does not address the distinction between a "final administrative decision" and the doctrine of exhaustion of remedies. Although notions of finality and the exhaustion doctrine are conceptually distinct, *Darby v. Cisneros,* 509 U.S. 137, 113 S.Ct. 2539, 125 L.Ed.2d 113 (1993), courts have treated "finality" as a requirement of the exhaustion doctrine. *See Campbell; Medina v. Arizona Dept. of Transportation,* 185 Ariz. 414, 916 P.2d 1130 (App.1995); *Farmers Inv. Co. v. Arizona State Land Dept.,* 136 Ariz. 369, 666 P.2d 469 (App.1982); *Herzberg v. David,* 27 Ariz.App. 418, 555 P.2d 677 (1976).

### B. Arizona's Treatment of the Exhaustion Doctrine

The doctrine of exhaustion of administrative remedies is a common issue repeatedly discussed in Arizona cases, but one that has undergone numerous interpretations. Although ADEQ argues that Arizona law requires a rehearing, when one is available, before a party exhausts the administrative remedies, the cases and statutes addressing this issue suggest otherwise.

■ The purpose of the exhaustion doctrine is to allow an administrative agency the

opportunity to correct its errors, *see Ross v. Industrial Comm'n,* 82 Ariz. 9, 307 P.2d 612 (1957) and *Wammack v. Industrial Comm'n,* 83 Ariz. 321, 320 P.2d 950 (1958), but the doctrine is also limited and imposed pursuant to statute and/or applicable administrative agency rules. *See Campbell; Williams v. Bankers National Ins. Co.,* 80 Ariz. 294, 297 P.2d 344 (1956); *Farmers Inv. Co.* Additionally, the exhaustion doctrine "does not apply where, by the terms or implications of a statute authorizing the administrative remedy, the remedy is permissive[,] ... where jurisdiction of the agency is being contested, where the agency's expertise is unnecessary or where irreparable harm will be caused to the party." *Campbell,* 102 Ariz. at 257, 428 P.2d at 114.

### C. The ARA Implicitly Provides for a Permissive Remedy

■ A long line of Arizona cases have addressed the exhaustion doctrine, but only *Herzberg v. David*[2] expressly held that if review or rehearing of the administrative agency's decision is available, one must be requested before the administrative decision becomes "final" for purposes of judicial review.[3]

■ When there is not a specific Arizona statute that provides for judicial review and establishes a definite procedure, the ARA is utilized. *See Foremost Life Ins. Co. v. Trimble,* 119 Ariz. 222, 580 P.2d 360 (1978); *Herzberg; State ex rel. Humphrey.* The court in *Herzberg* had to utilize the ARA and looked to A.R.S. §§ 12–901(2) and 12–902(B) to determine whether a rehearing was required. Section 12–901(2) provides, in pertinent part:

In all cases in which a statute or a rule of the administrative agency requires or per-

---

**2.** As opposed to *Herzberg v. State ex rel. Humphrey,* 20 Ariz.App. 428, 513 P.2d 966 (1973) which also discusses judicial review of administrative decisions, but not the exhaustion doctrine.

**3.** Recently amended A.R.S. § 41–1092 defines "final administrative decision" as "a decision by an agency that is subject to judicial review pursuant to sections 41–1092.10 and 41–1092.11," both of which were added by 1996 Ariz. Sess. Laws, ch. 102, § 47.

Section 41–1092.09, also added in 1996, provides that "a party is not required to file a motion for rehearing or review of the decision in order to exhaust the party's administrative remedies." It is applicable, however, only to notices of appeal filed with an agency from and after September 30, 1996, and accordingly, inapplicable to the appeal in this case. 1996 Ariz. Sess. Laws, ch. 102, § 76.

mits an application for a rehearing or other method of administrative review, *and an application for a rehearing or review is made,* no administrative decision of such agency is final. . . .

(Emphasis supplied.) Section 12–902(B) supplements this statement by requiring that if a party does request such a rehearing, they must do so timely, or judicial review is barred. We agree with *Herzberg* that these statutes must be read together. However, according to § 12–901(1), finality of an agency's decision is deferred *only when "an application for a rehearing or review is made,"* as specifically stated by the statute. Therefore, contrary to *Herzberg,* we find the statute does not require rehearing under all circumstances.

■ Arizona Administrative Code R18–1–218(A) provides that "any party in a contested case before the Department *may* file . . . a written motion for rehearing or review of the decision." (Emphasis supplied.) The agency rule is unambiguous in stating that rehearing is permissive. As *Campbell* tells us, when a statute, by its terms *or by implication,* authorizing the administrative remedy is permissive, the exhaustion doctrine is inapplicable. Although the ARA is silent as to the permissiveness of an administrative remedy, we believe that since it does not unconditionally require a rehearing, the implications of the statute, when read in conjunction with R18–1–218(A) suggest that the remedy is indeed permissive and, as contemplated by our supreme court, excepted from the exhaustion doctrine.

■ Furthermore, the fact that SW was diligent in following the required agency guidelines and requesting a formal hearing, thereby affording the agency both the opportunity to correct possible errors and utilize its expertise, compels us to question whether a rehearing in front of the same agency is necessary. It is apparent that the purpose of the administrative review in SW's situation has been achieved, *see Ross* and *Wammack,* and the agency's expertise was provided and a record made. *Campbell.* In consideration

of these facts, from a policy perspective, we cannot find any reason to preclude SW from seeking judicial review of the agency decision. Accordingly, SW may seek judicial review notwithstanding its failure to request the permissive agency rehearing. *Campbell.*

The trial court's order dismissing the case is reversed and the matter is remanded for further proceedings.

DRUKE, C.J., and FLOREZ, P.J., concur.