UNITED STATES of America,
Plaintiff-Appellee,

v.

Delores WATKINS and Lulu Jackson,
Defendants-Appellants.

Nos. 15032, 15033.

United States Court of Appeals
Seventh Circuit.

Nov. 18, 1966.

Certiorari Denied Feb. 27 and
March 13, 1967.

See 87 S.Ct. 976, 1026.

Richard E. Gorman, Chicago, Ill., for appellants.

Edward V. Hanrahan, U. S. Atty., Richard A. Makarski, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Asst. U. S. Atty., of counsel, for appellee.

Before DUFFY, Senior Circuit Judge, and CASTLE and FAIRCHILD, Circuit Judges.

CASTLE, Circuit Judge.

The defendants-appellants prosecute these appeals from the respective judgment of conviction and sentence entered as to each following a jury trial under an indictment charging the unlawful receipt, concealment, and facilitation of the transportation and concealment of a narcotic drug, heroin, in violation of 21 U.S.C.A. § 174. The indictment was in four counts. Lulu Jackson was charged individually in Counts 1 and 4, jointly with Delores Watkins in Count 3, and Delores Watkins was charged individually in Count 2. Otherwise, except for the specific quantity of the narcotic drug designated in each count, the counts were identical. Lulu Jackson was convicted on the three counts in which she was charged and was sentenced to imprisonment for seven years on each count, the sentences to run concurrently with each other. Delores Watkins was convicted on the two counts in which she was charged and was sen-

tenced to imprisonment for eleven years on each count, the sentences to run concurrently with each other and concurrently with the five year concurrent sentences imposed on each of the five counts on which she had been convicted under another indictment charging her with conspiracy and other narcotics violations.[1]

The defendants predicate the existence of error requiring reversal on the trial court's rulings denying the defendants' motions to suppress and admitting in evidence, over objection, the narcotic drugs seized at the time of the arrest of the defendants; and the admission, over objection, of hearsay testimony.

■ Defendants contend that the search and seizure, and the arrest, were illegal because made without an arrest warrant or a search warrant, and the narcotics seized were therefore inadmissible in evidence. In resolving the issues raised by these contentions we must view the evidence and the reasonable inferences which may be drawn therefrom in a light most favorable to the government. United States v. Zimmerman, 7 Cir., 326 F.2d 1.

■ Appraisal of the record in the light of the above standard reveals testimony of government witnesses which is clearly sufficient to establish that the arrests were made on probable cause and with reasonable grounds, and that the contemporaneous search of the persons of the defendants, their belongings, and the immediate premises, was incident to a valid arrest and the seizures were reasonable. In this connection, the record discloses that prior to the arrest of the defendants and the accompanying search and seizure a government agent had monitored two telephone conversations of an informer with defendant Lulu Jackson in which a purchase of narcotics was arranged. Another agent, who had the defendants under surveillance, followed them to the apartment at which the narcotic was to be picked up by the informant. This agent observed Lulu

Jackson deposit a package in an areaway at the rear of the building. He picked up the package and made a field test of the contents. The test indicated the presence of heroin. When the first agent arrived with the informer-purchaser the package was turned over to the agent. At the rear-door of the apartment the agent observed the defendants through a glass panel in the door. They were seated at a table and pouring white powder through a strainer. Tinfoil and additional white powder were on the table. The informer knocked at the door. As it was opened the agents entered the apartment, identified themselves, and placed the defendants under arrest. The white powder found on the table with paraphernalia used to dilute and package narcotics was seized. It was heroin, and it constitutes the subject matter of Count 3 of the indictment. The heroin contained in the package retrieved from the rear of the building is the subject of Count 1, and additional quantities of heroin found in defendant Watkin's purse and on the person of defendant Jackson are the subjects of Counts 2 and 4.

The pre-arrangement for the sale and pick-up, together with the result of the field test of the drop made pursuant thereto, and the observation made through the panel of the door when the agent approached in the company of the purchaser-informer, amply supplied probable cause on which to effect the arrest of the defendants without a warrant, and the search and seizures were reasonable as incidental to a valid arrest. Jennings v. United States, 101 U.S.App.D.C. 198, 247 F.2d 784, 785.

■ In detailing his conversation with the informer in which the latter consented to the agent's monitoring the telephone calls to defendant Jackson, the agent testified that the informer, an addict, referred to Jackson as his source of supply. It was improper that this factor be brought out before the jury in this manner. But in view of the over-

1. United States v. Jones, 7 Cir., 369 F.2d 217. (Opinion filed Nov. 16, 1966)

whelming evidence of the defendants' guilt the admission of the statement was harmless error within the purview of Rule 52(a) of the Federal Rules of Criminal Procedure. As aptly observed in United States v. Press, 2 Cir., 336 F. 2d 1003, 1013:

> "One of the main considerations in deciding if substantial prejudice exists because of the introduction of hearsay material is the strength of the Government's case independent of the hearsay."

The judgment orders appealed from are affirmed.

Affirmed.