**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Frederick B. KROL, Defendant-Appellant.
No. 15846.**

United States Court of Appeals
Seventh Circuit.

Feb. 27, 1967.

Rehearing Denied April 17, 1967.

Rehearing Denied April 17, 1967
en banc.

George F. Callaghan, Julius Lucius Echeles, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., Richard T. Sikes, John Peter Lulinski, Asst. U. S. Attys., Chicago, Ill., of counsel, for appellee.

Before HASTINGS, Chief Judge, and CASTLE and FAIRCHILD, Circuit Judges.

CASTLE, Circuit Judge.

Frederick B. Krol, the defendant-appellant, prosecutes this appeal from a judgment of conviction and sentence entered by the District Court upon its finding that the defendant was guilty as charged in Count 1 of a two-count indictment. The cause was tried to the court without a jury. The defendant was sen-

tenced to eighteen months imprisonment. Count 1 charged that the defendant in violation of 18 U.S.C.A. §§ 2 and 201 (b) aided and abetted Carl J. Madda to corruptly give $200 to Erwin Katz, an assistant United States Attorney, with intent to influence Katz' decision in connection with a civil case Katz was handling for the government. Count 2 of the indictment, with respect to which the court found the defendant not guilty, charged that the defendant conspired with Madda to violate § 201(b), and it was as part of the conspiracy that defendant and Madda corruptly gave Katz $200 to influence him.

The contested issues presented by the defendant's contentions on appeal are: (1) whether the evidence is sufficient to sustain the conviction; (2) whether inconsistency in the court's findings requires a reversal; (3) whether the court's admission of evidence obtained in violation of the Illinois statute [1] forbidding electronic eavesdropping constitutes reversible error; and (4) whether the receipt of testimony that the defendant had refused to be interviewed by government agents concerning Madda's arrest deprived the defendant of a fair trial.

■ In resolving the issue of the sufficiency of the evidence to sustain the conviction, we must view the evidence, together with the reasonable inferences which may be drawn therefrom, in the light most favorable to the government. United States v. Weaver, 7 Cir., 360 F.2d 903; United States v. Abraham, 7 Cir., 347 F.2d 395, 396. So viewed, the record before us discloses that defendant was counsel of record for the plaintiff in a civil action (Janus v. United States) pending in the district court. Janus sought to recover damages under the Federal Tort Claims Act for injuries sustained in a collision involving a post office vehicle. Carl J. Madda, also an attorney, was handling the *Janus*

case for Krol. Assistant United States Attorney Erwin Katz represented the government. On December 17, 1963, Katz increased to $500 a prior offer he had made to Madda that the government settle the case for $300. The defendant conveyed the $500 offer to his client, Janus, indicating that it was a "rediculous" offer. Later, on December 17, the defendant, Madda and Katz met in Krol's office to discuss further the matter of settlement. Katz testified that at this meeting Madda twice offered Katz $200 to settle the case for $2,000. Katz stated that he was seated opposite Krol, at the latter's desk, and Madda was about three feet to Katz' right, facing Krol. He further stated that at the points in the conversation where Madda made these offers Krol had picked up the telephone in response to a call and was engaged in a telephone conversation. Katz did not know if Krol actually heard Madda make the offers.[2] Krol testified at Madda's trial that it was Katz who initiated the bribe offer. In a December 18, telephone conversation in which Katz sought to contact Madda concerning Madda's "offer" of the previous afternoon, the defendant inquired if he couldn't "do it" himself since Janus was his client and Madda was only helping out. The defendant suggested that a later meeting be arranged, and that he would get in touch with Madda. In his testimony at the Madda trial the defendant admitted leaving $200 for Madda, and stated that this was the money paid to Katz. Madda was arrested when he turned $200 over to Katz at a rendezvous following an interim meeting between Katz and Madda.

■ We are of the opinion that there is sufficient evidence to sustain the defendant's conviction. Defendant, by his own admission, was cognizant of a bribe attempt, although by his version it was Katz who initiated it. Following the bribe offer, the defendant offered to "do

---

1. Ill.Rev.Stat.1963, ch. 38, par. 14–1 et seq.

2. In a separate previous trial Madda was convicted of a § 201(b) violation in con-

nection with the incidents here involved. The conviction was affirmed by this Court in United States v. Madda, 7 Cir., 345 F.2d 400.

it" himself, and eventually provided Madda with the money involved in the payment.

■ After his December 17 meeting with the defendant and Madda, Katz reported the incident to the FBI and his December 18 telephone conversations with Krol and Madda, and his late afternoon meeting with Madda which preceded the payment of the $200 to Katz the next day, were tape recorded with Katz' consent. These recordings were admitted in evidence over the objections of the defendant. Their content served to corroborate Katz' testimony concerning the events involved. The defendant contends that Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462, requires the exclusion of such electronic recordings as being unlawfully obtained and rendered inadmissible under the Illinois Eavesdropping Act (Ill.Rev.Stat.1965), ch. 38, par. 14–1 et seq.) as construed and applied in People v. Kurth, 34 Ill.2d 387, 216 N.E.2d 154. In this connection the defendant urges that we reject our recent holding in United States v. Jones, 7 Cir., 369 F.2d 217, that in a federal criminal prosecution the admissibility of evidence of conversations obtained through the use of an eavesdropping device is governed by "[f]ederal and not state law". He asserts that such holding is out of harmony with the observation in *Lopez* (373 U.S. 427, 440, 83 S.Ct. 1381, 1388) that:

"* * * constitutional limitations aside, all relevant, competent evidence be admissible, unless the manner in which it has been obtained—for example, by violating some statute or rule of procedure—compels the formulation of a rule excluding its introduction in a federal court. See, e. g., McNabb v. United States, 318 U.S. 332, [63 S.Ct. 608, 87 L.Ed. 819]; Mallory v. United States, 354 U.S. 449,"

But the facts involved in *Lopez*, the references to *McNabb* and *Mallory*, and the Court's declaration in the context which followed—

"There has been no invasion of constitutionally protected rights, and no violation of federal law or rules of procedure."

—make it clear that the Court was speaking of federal rather than of state law or procedural rules. And the continuing validity of Rathbun v. United States, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134, is expressly recognized in *Lopez*, which states (373 U.S. 427, 439, 83 S.Ct. 1381):

"The case is thus quite similar to Rathbun v. United States, 355 U.S. 107, [78 S.Ct. 161, 2 L.Ed.2d 134] in which we sustained against statutory attack the admission in evidence of the testimony of a policeman as to a conversation he overheard on an extension telephone with the consent of a party to the conversation."

We conclude that neither the existence of the Illinois statute nor its construction as applied to a state prosecution (People v. Kurth, supra) require a reappraisal of the federal rule of evidence applied in United States v. Williams, 7 Cir., 311 F.2d 721, 725, or of the holding in our more recent decision in United States v. Jones, supra, that federal and not state law furnishes the standard governing admissibility of evidence in a federal court.

We are unpersuaded by defendant's contention that the judgment of conviction cannot stand because it is based on inconsistent findings. The court found the defendant not guilty on the conspiracy count of the indictment. In this connection the court said:

"* * * that the evidence does not warrant the Court concluding beyond a reasonable doubt that [the defendant] is guilty of a conspiracy. The Court is of the opinion that he knew about it and he aided, but when I review the testimony of Mr. Katz in the matter, I cannot come to the conclusion that there was a conspiracy."

■ Aiding and abetting the commission of a substantive offense is a crime different from a conspiracy to commit the same substantive offense. Colosacco v. United States, 10 Cir., 196 F.2d 165. Evidence establishing knowledge of another's criminal activity and an aid-

ing of it does not of itself establish conspiracy. Cf. United States v. Denny, 7 Cir., 165 F.2d 668, 670. The result here is not so wholly irreconcilable with any rational theory that inconsistency is demonstrated. See: United States v. Wilson, 2 Cir., 342 F.2d 43, 45.

We agree with the defendant that the court, over defendant's objections, improperly permitted a government agent to testify that when, subsequent to Madda's arrest, the agent sought to interview Krol concerning the matter, Krol told him over the telephone that he desired to consult with an attorney prior to making any statement, and that when he visited Krol's office on two subsequent occasions Krol told him that he did not desire to make any statement regarding Madda or the arrest of Madda. The witness was first questioned concerning his conversation with Krol on one of the subsequent visits he made to Krol's office. The content of that conversation was admitted on the prosecutor's representation that one of the purposes of the testimony was to establish the witness' familiarity with the defendant's voice as a foundation for his identification of the defendant as the person with whom he had the earlier telephone conversation. But inasmuch as the record discloses that the testimony concerning all three of the agent's conversations with the defendant reveals that the content of all of those conversations was substantially identical, resort to this strategy for the purpose of bringing the content of the conversations to the court's attention is to be condemned. Cf. United States v. Watkins, 7 Cir., 369 F.2d 170.

▮▮ But, this was a bench trial, and we do not regard the impropriety as constituting prejudicial error which requires a reversal. In the context in which it occurred we regard it as harmless. In ruling on the defendant's objections the court expressly declared:

"All of this may stand solely for the pose of showing that [the witness] had conversation of sufficient amount to know [defendant's] voice, according

to his conversation, because a man has no obligation, as the law is clear, to testify, and refusing to discuss a matter is neither acknowledgment of guilt nor can be held against a person, so that is clear, but for the purpose of showing whether or not he knew his voice when he heard him, this is proper."

And defendant's reliance upon United States v. Turnipseed, 7 Cir., 272 F.2d 106, is misplaced. *Turnipseed* involved a joint trial in which the trial court incorrectly considered a co-defendant's post-arrest statement as establishing the defendant's guilt as an aider and abettor. We there said (272 F.2d 106, 107):

"Some of Turnipseed's co-defendants made confessions. These confessions were not admitted in evidence as against Turnipseed. Nevertheless, the learned trial judge considered them as evidence against this defendant. The judge stated Turnipseed talked about the checks during the time he drove the automobile. The only evidence of any such statement was in a co-defendant's confession which is not in this record so far as Turnipseed is concerned."

Thus, *Turnipseed* affirmatively disclosed the court's reliance on improper matter to supply an element of proof critical to the establishment of Turnipseed's guilt. Here, we have a contrary situation. The trial court in his ruling expressly disavowed consideration of the testimony concerning Krol's conversation with the agent as bearing on the defendant's guilt. There is no basis upon which we can conclude that the court did so regard that testimony. Absent some affirmative disclosure to the contrary such as was presented in *Turnipseed,* a court trying a case without a jury is deemed to have considered only admissible and relevant material. United States v. Oliver, 7 Cir., 363 F.2d 15; United States v. Brooks, 7 Cir., 355 F.2d 540.

The judgment order appealed from is affirmed.

Affirmed.