**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Miklos POLESTI, Defendant-
Appellant.**

**No. 73–1294.**

United States Court of Appeals,
Seventh Circuit.

Argued June 11, 1973.

Decided Aug. 21, 1973.

---

Before KILEY and SPRECHER, Circuit Judges, and ESCHBACH, District Judge.*

KILEY, Circuit Judge.

Appellant, Miklos Polesti, was convicted by a jury of conspiracy to possess, and possession of, a large number of cartons of Scotch whiskey stolen from interstate commerce in violation of 18 U.S.C. § 659. We affirm.

The first contention made by Polesti is that there was no probable cause basis for his warrantless arrest. We see no merit in the contention.

Sergeant Curin of the Chicago Police Department was notified by the B&O Railroad that a "load of scotch" had disappeared from their yards over the weekend. Five minutes later, Sergeant Curin was given the same information by an FBI agent, and he relayed it to Chicago Police Sergeant Welch. An unidentified informant then called Welch to advise that Glenn Hickman was in possession of a stolen load of scotch and would be transporting it by tractor-trailer to the area of 2100 North Ashland Avenue in Chicago. Welch informed Curin of this call and subsequently surveillance was established of 2100 North Ashland Avenue. The police observed, in the surveillance, a tractor-trailer, followed by an automobile, pull into the premises at 2100 North Ashland. The trailer was detached on the premises, and the tractor, accompanied by the automobile, departed and proceeded to a place where trucks were rented.

Later that same day Sergeant Welch entered the Ashland Avenue premises, noticed a gap in the back doors of the parked trailer, peeked in and saw a yellow carton with letters "J&B" on it. When Sergeant Curin came to relieve him, Welch advised him of what he had seen inside the trailer. As the surveillance continued that day, Curin saw a small panel truck pull into the premises, and two men emerge and unload some

Ronald P. Alwin, Chicago, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., William T. Huyck and Terry M. Gordon, Asst. U. S. Attys., Chicago, Ill., for plaintiff-appellee.

* Honorable Jesse E. Eschbach of the United States District Court for the Northern District of Indiana, sitting by designation.

debris. A small boy who accompanied them crawled under the trailer, and Curin heard the boy shout that there was a "bunch of yellow cartons" in the trailer.

Two days later officers on surveillance saw the driver of the tractor-trailer—on the day the trailer was left at the premises—drive an automobile onto the premises and after a brief stay drive out again. Several minutes later they saw another automobile pull onto the premises with three occupants including Polesti. These three conversed with the driver of the other automobile and then left. Subsequently two rented trucks pulled into the premises and the three men commenced to load cartons from the trailer onto the rented trucks. Polesti was stacking the cases of scotch on the rented truck.

At this point the police arrested the men. We hold that there was ample knowledge on the part of the police for a probable cause arrest and that the danger of loss of the evidence justified the warrantless arrest.

■ Polesti next contends that he was denied his right to compulsory process of witnesses when the district court denied his motion, at the suppression hearing, which sought to enforce a subpoena duces tecum directed at the investigative report of Chicago Police Sergeant Welch. We hold that the ruling was not erroneous. The report was in possession of the government, and Sergeant Welch was a prospective government witness. The subpoena was expressly excluded under 18 U.S.C. § 3500.

■ We also find no merit in Polesti's contention that his in-custody statement violated his privilege against self-incrimination and deprived him of a fair trial. After his arrest, and en route to the police lockup, Polesti, in a conversation with an FBI agent, remarked that "his prior conviction was on appeal and he felt that he was dead on this one." The court over objection permitted the FBI agent to testify that Polesti said, "I'm dead on this one." Polesti had been given a *Miranda* warning when ar-

rested and nevertheless volunteered the unsolicited statement. There was no error in admitting the statement in evidence.

■ Polesti next contends that the court committed reversible error in charging the jury that it was not necessary to prove that defendants knew that the property was stolen from interstate shipment and that it was sufficient if defendants knew that the property was stolen. In support of his contention Polesti relies upon the Second Circuit decision in United States v. Vilhotti, 452 F. 2d 1186 (2nd Cir. 1971), cert. denied, 406 U.S. 947, 92 S.Ct. 2051, 32 L.Ed.2d 335 (1972). There the court held that it was essential that proof of knowledge of theft from interstate commerce be proven by the government. That holding, however, is opposed to the holding of the Ninth Circuit in United States v. Roselli, 432 F.2d 879 (9th Cir. 1970), cert. denied, 401 U.S. 924, 91 S.Ct. 883, 27 L.Ed.2d 828 (1971).

This court has consistently affirmed conspiracy convictions where knowledge of the interstate element was not part of the trial court's conspiracy instructions. United States v. Battaglia, 394 F.2d 304 (7th Cir. 1968); United States v. Cerone, 452 F.2d 274 (7th Cir. 1971), cert. denied, 405 U.S. 964, 92 S.Ct. 1168, 31 L.Ed.2d 240 (1972); United States v. Waverley Thompson, 476 F.2d 1196 (7th Cir.) (Slip Op. No. 72–1138, March 8, 1973). In *Thompson* this court found "extremely persuasive" the reasoning of the Ninth Circuit in *Roselli*. We rely upon the consistent decisions of this court in agreement with the *Roselli* rule in holding that the giving of the instruction was not reversible error.

■ Finally we see no merit in Polesti's claim that the district court committed reversible error in giving an instruction to the effect that "[p]ossession of property recently stolen, if not satisfactorily explained" ordinarily justifies a reasonable inference, "in light of surrounding circumstances," in evidence that the possessor knew the property

was stolen. United States v. Dilella, 354 F.2d 584 (7th Cir. 1965). Furthermore, Polesti's right against self-incrimination was not violated by the instruction since the court's instruction told the jury that the defendant never has the burden of calling witnesses or producing evidence, and that it was the jury's "exclusive province" to determine whether the evidence warranted the inference from the possession. United States v. Zemke, 457 F.2d 110, 114 (7th Cir. 1972).

For the foregoing reasons the judgment of the district court is affirmed.