**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Angelo BARTEMIO et al., Defendants-Appellants.**

**Nos. 73–1611 to 73–1613.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 28, 1973.

Decided May 30, 1974.*

* This appeal was originally decided by unreported order on May 30, 1974. See Circuit Rule 35 (formerly Circuit Rule 28). The Court has subsequently decided to issue the decision as an opinion.

Allan Ackerman, Julius Lucius Echeles, William J. Stevens, Chicago, Ill., for defendants-appellants.

Samuel K. Skinner, U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before CLARK, Associate Justice (Retired),** GRANT, Senior District Judge,*** and NOLAND, District Judge.****

GRANT, Senior District Judge.

The defendants, John Joseph Brennan and Roger Drain, were charged with possession of approximately one hundred and eighty-nine (189) Oklahoma City Housing Authority Bonds, stolen from an interstate shipment, knowing them to be stolen, in violation of 18 U.S.C. § 659 (Count II). In the same substantive count, Defendant Angelo Bartemio was charged with aiding and abetting that possession. All defendants were also charged with conspiracy (Count I). The jury found Defendants Brennan and Drain guilty of conspiracy and the substantive offense of possession. As to Defendant Bartemio, however, the jury acquitted him on the conspiracy count, but returned a verdict of guilty on the aiding and abetting count. All three defendants received prison sentences and have now instituted this appeal. We affirm.

The essential issues which have been presented for consideration in this appeal are as follows: (1) Whether the evidence was sufficient as a matter of law to prove defendants' guilt beyond a reasonable doubt; (2) whether the possession of stolen municipal bonds is within the scope of 18 U.S.C. § 659, and whether knowledge that the securities were stolen from interstate commerce is an essential element of a conspiracy to violate 18 U.S.C. § 659; (3) whether the two-count indictment charging Defendant Bartemio with aiding and abetting a violation of 18 U.S.C. § 659 and conspiracy under 18 U.S.C. § 371 was invalid as a matter of law as being duplicitous or multiplicitous, and whether the jury's verdict of acquittal on the conspiracy count renders the conviction of Bartemio void on

the substantive count; and (4) whether the prosecutor's closing argument prejudiced defendants, denied them a fair trial, or violated Defendant Brennan's Fifth Amendment right not to testify.

I

The appellants assert, first of all, that the evidence upon which they were convicted was so circumstantial in nature that it was insufficient as a matter of law to support the charges of conspiracy, possession, and aiding and abetting. In particular, Appellant Bartemio argues that since the sole evidence against him as to aiding and abetting was highly circumstantial, his mere association with the other defendants was insufficient to convict him. Appellants Brennan and Drain, in turn, maintain that their status as passenger and driver, respectively, of the car in which the securities were found and their mere association with the securities is not sufficient to permit an inference that they were in possession of the bonds or that they had the requisite knowledge that the bonds were stolen. They argue, in effect, that the mere possession of stolen bonds is neither a violation of § 659 nor of any other federal statute.

We agree with Appellants Brennan and Drain that the fact that one is a mere passenger or driver of a vehicle in which there exists stolen goods does not, in itself, necessarily demonstrate possession of the goods or knowledge that the goods therein are stolen. *United States v. Nitti,* 444 F.2d 1056, 1059 (7th Cir. 1971); *Pearson v. United States,* 192 F.2d 681, 693 (6th Cir. 1951). We are also in accord with Appellant Bartemio's argument that one's mere association with a guilty person is not sufficient evidence to sustain a conviction. *United States v. O'Brien,* 174 F.2d 341, 345 (7th Cir. 1949). These cases are readily

** Associate Justice (Retired) Tom C. Clark of the Supreme Court of the United States is sitting by designation.

*** Senior District Judge Robert A. Grant of the United States District Court for the Northern District of Indiana is sitting by designation.

**** District Judge James E. Noland of the United States District Court for the Southern District of Indiana is sitting by designation.

distinguishable from the case at bar, however.

■ In the present case, the evidence does not support Appellant Brennan's contention that he was a "mere passenger," or Appellant Drain's contention that he was "merely a driver," or Appellant Bartemio's contention that he was "merely associated" with guilty persons. On the contrary, the evidence adduced and all the reasonable inferences flowing therefrom viewed in the light most favorable to the government, in our opinion, not only substantially supports, but is legally sufficient to support the jury's verdict against each of the appellants. See *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942). As to Appellants Brennan and Drain, the fact that the bonds were in marked bags and in plain view in the back seat of the car in which they were occupants, along with all the other evidence strongly tending to show their relationship or association with the bonds and other conspirators, is in our view sufficiently established in the record to support their conviction for conspiracy and for knowingly possessing the stolen securities. At the very least, it can be said that these appellants were in constructive possession of the goods; and this, it has been held, will suffice to establish possession under § 659. *United States v. Parent,* 484 F.2d 726, 732 (7th Cir. 1973).

■ Likewise, we are of the opinion that the evidence has amply demonstrated that Appellant Bartemio was a participant in, or associated with, the venture involving the stolen securities. Most notable here is the fact that the first five digits of his license plate were written on one of the brown paper bags containing bonds which was found in the back seat of Appellant Drain's car, and the fact that his name and telephone number were found in the possession of Drain and Brennan when they were arrested. Further, he was observed driving Barbara Quattrochi, the actual seller of the bonds, to the south side of Chicago to meet her source, and engaging in diversionary tactics to prevent anyone from following her (Quattrochi) to the O'Hare Inn where

the sale of the bonds was to occur. Such activity, which is designed to contribute to the success of a criminal venture, has been held to be sufficient to support a finding of the jury that a person has aided and abetted in the commission of the offense. *Nye & Nissen v. United States,* 336 U.S. 613, 619, 69 S.Ct. 766, 769, 93 L.Ed. 919 (1949). We are convinced that the evidence sustains a finding that Bartemio's activity in relation to the stolen securities has, in fact, met this test.

Accordingly, appellants' arguments based upon the sufficiency of the evidence and upon their alleged status as mere innocent bystanders must fail as being totally without merit.

## II

All three appellants continue by arguing that the securities involved herein are without the scope of 18 U.S.C. § 659, and that therefore the conduct charged in the indictment is not proscribed by that statute. Further, it is Appellant Bartemio's contention, with Appellant Brennan joining him, that appellants were required to know that the property in question was stolen from interstate commerce in order for their convictions to stand, and that the trial court erred in failing to instruct the jury to this effect.

■ This court notes, however, that the possession of stock certificates stolen from interstate commerce is an appropriate subject for prosecution and has, in fact, been successfully prosecuted under § 659 in this Circuit. *United States v. Ditata,* 469 F.2d 1270 (7th Cir. 1972). We perceive here no compelling reason to depart from this established practice under the circumstances of the present case. Moreover, we have stated that this court has consistently affirmed conspiracy convictions where knowledge of the interstate element was not part of the trial court's instructions. *United States v. Polesti,* 489 F.2d 822, 824 (7th Cir. 1973). Knowledge of the interstate nature of the theft need not be proven to sustain a conviction under 18 U.S.C. § 659. *United*

*States v. Allegretti,* 340 F.2d 243, 247 (7th Cir. 1964).

Therefore, the trial court's instruction to the jury which in substance read that it was not necessary that defendants knew that the property was stolen from an interstate shipment as long as they knew that the property was stolen (Tr. 855) was not reversible error. Accordingly, appellants' contentions in this regard must be rejected.

### III

Appellant Bartemio next asserts that the indictment is invalid as a matter of law because it suffers from impermissible duplicity or multiplicity. He argues that the trial court erred in failing to dismiss the aiding and abetting count where it was allegedly incorporated by reference into the conspiracy count as "overt acts." In essence, he maintains that such incorporation by reference renders his conviction void.

■ Duplicity consists of joining in one count of an indictment two or more distinct and separate offenses. *United States v. Tanner,* 471 F.2d 128, 138 (7th Cir. 1972). The test as to whether more than one offense is charged is determined by ascertaining whether each count requires proof of an additional fact which the others do not require. *United States v. Johnson,* 298 F.Supp. 58, 62 (N.D.Ill.1969). The instant indictment against Appellant Bartemio consisted of two counts—a conspiracy count and an aiding and abetting count. Each count required proof not common to the other. Therefore, we decline to accept Bartemio's contention that the indictment is duplicitous.

■ Multiplicity consists of charging the same defendant with the same offense in several different counts. *Gerberding v. United States,* 471 F.2d 55, 58 (8th Cir. 1973). Again we allude to the fact that the indictment herein consisted of two counts, each count charging a separate offense. Noting its particular application to the offenses charged against Appellant Bartemio, we refer to our comment in *United States v. Krol,* 374 F.2d 776, 778–79 (7th Cir. 1967):

Aiding and abetting the commission of a substantive offense is a crime different from a conspiracy to commit the same substantive offense. Evidence establishing knowledge of another's criminal activity and an aiding of it does not of itself establish conspiracy.

Under the guidance of this established principle, we find Appellant Bartemio's multiplicity argument in the present appeal meritless.

■ Reference to our holding in *Krol, supra,* also serves to dispose of Bartemio's contention that his conviction on the aiding and abetting count is void. In *Krol,* we held that the defendant's conviction would stand where he was found not guilty on the conspiracy part of the indictment but guilty of aiding and abetting the substantive offense. Here, as in *Krol,* we find no demonstration of inconsistency in the split verdict rendered against Bartemio in the trial court. Therefore, his conviction must stand.

### IV

Finally, appellants join in attacking the prosecutor's closing argument, claiming that it prejudiced them and deprived them of a fair trial. First of all, it is urged that the repeated use of the expression "I think" by the government's attorney during his closing remarks to the jury was a statement of his personal opinion as to the guilt of Bartemio. Second, it is contended that prejudicial error was committed when the government argued that the reason Appellant Bartemio denied being at O'Hare on August 27, 1971, was because the government had produced no witness to state that he was there. Third, it is argued by Appellant Brennan that he was denied a fair trial when the prosecutor in his closing argument referred to certain evidence as being "uncontradicted and uncontested" because it amounted to an unfair comment on his failure to testify during the trial.

■ As to the use of the words "I think" by government attorney Lord, we agree with Appellant Bartemio that the use

**346**

of such an expression was not proper. The government, in fact, has even labeled it as "error." The question, however, is whether it prejudiced the defendant to such an extent that a reversal is in order.

We are of the opinion that the use of the above expression by the government attorney was not prejudicial to appellants when viewed in the context of the trial court's immediate curative instructions. The court delineated the function of the prosecutor to the jury at one point during the government's closing argument, and noted that his use of the terms "I think" was merely a "habit" or "pattern of speech" not intended to be an expression of his personal opinion. Moreover, we have made it very clear in this regard that it is hypercritical to view the use of the words, "I know, etc." by a government attorney in his closing argument as testifying on behalf of the prosecution when the prosecutor begins his argument by focusing the jury's attention upon an analysis of the evidence in the case. *United States v. Klein,* 187 F.2d 873, 876 (7th Cir. 1951). This is precisely the situation we have before us in the case at bar.

We hold, therefore, that in the present case where the court extended repeated admonitions to the prosecutor, and especially where the court gave prompt, cautionary instructions to the jury regarding the prosecutor's choice of language, appellants were not prejudiced or deprived of a fair trial. See *United States v. Handman,* 447 F.2d 853, 855 (7th Cir. 1971).

 Likewise, we find that the government's reference to certain evidence as being "uncontradicted and uncontested" could not have naturally and necessarily been taken by the jury as a comment upon Appellant Brennan's right not to testify. *United States v. Lyon,* 397 F.2d 505, 509 (7th Cir. 1968). This opinion is supported where Brennan was not the only person who could have challenged or contradicted such evidence. Indeed, any of the other participants could have rebutted such evidence. *Handman, supra,* 447 F.2d at 855. Additionally, the government's argument was not unfair or prejudicial since it dealt solely with evidence in the record and not with Brennan's failure to testify. *United States v. Aldridge,* 484 F.2d 655, 659–660 (7th Cir. 1973).

 Finally, we conclude that the government's comment on Appellant Bartemio's denial of his being at O'Hare on August 27 is not reversible error since it was intended to be a comment on his credibility based on the facts of the case. A prosecutor is allowed to comment on the credibility of a defendant who takes the witness stand. *United States v. Jansen,* 475 F.2d 312, 317 (7th Cir. 1973).

Accordingly, the judgments of conviction as to each of these appellants in the district court are hereby Affirmed.