48 F.3d 1229
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff/Appellee,
v.
Alfredo James KOZLOWSKI, Defendant/Appellant.
 No. 94-50213.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 9, 1995.
Decided March 8, 1995.
 
 1
 IN PART, VACATED IN PART.
 
 
 2
 Before: BRUNETTI and KOZINSKI, Circuit Judges, and SHADUR,* Senior District Judge.
 
 
 3
 MEMORANDUM**
 
 
 4
 Alfredo Kozlowski ("Kozlowski") appeals both his conviction and his 240-month sentence on a single count of unarmed bank robbery. In principal part (though not entirely) Kozlowski's complaints stem from the asserted inadequacy of his trial counsel--a lawyer whom Kozlowski tried to shed three times (once on the eve of trial, once after the jury had returned its guilty verdict and then again just before sentencing).
 
 
 5
 But it is seldom in a defendant's best interest to assert constitutionally deficient performance by counsel on a direct appeal. Almost invariably (and this case is no exception) full proof of the claimed deficiencies in lawyering requires going outside of the trial record and the record of other in-court proceedings. United States v. Robinson, 967 F.2d 287, 290 (9th Cir.1992) and cases cited there; contrast United States v. Davis, 36 F.3d 1424, 1433 (9th Cir.1994). And given the demanding nature of the Strickland v. Washington, 466 U.S. 668 (1984) standards, the presentation of some but not all of a lawyer's delinquencies on direct appeal (something that creates preclusion problems for any later attack) can materially prejudice the defendant.
 
 
 6
 Because the present record necessarily lacks a full development of the relevant factual matters bearing on the troublesome nature of Kozlowski's lawyer's conduct, this Court will not address the merits of Kozlowski's ineffective-assistance claim. Kozlowski is therefore at liberty to raise all facets of that claim, including those asserted on the present appeal, in a 28 U.S.C. Sec. 2255 ("Section 2255") motion.
 
 
 7
 In terms of the remaining issues affecting Kozlowski's conviction:
 
 
 8
 1. Both because of the belated timing of the motion and because a less-than-complete submission as to counsel's deficiencies was made to the court at that time, it was not an abuse of discretion for the district court to deny Kozlowski's motion for substitution of counsel that was made orally on the morning of trial. United States v. Rogers, 769 F.2d 1418, 1423 (9th Cir.1985); United States v. McClendon, 782 F.2d 785, 789 (9th Cir.1986).
 
 
 9
 2. Kozlowski characterizes as impermissible "vouching" the prosecutor's repeated use of an "I think you'll agree ..." locution during the course of closing argument. Because that objection was not raised below, the standard of review is plain error. United States v. Necoechea, 986 F.2d 1273, 1276 (9th Cir.1993). Although the prosecutor would have been better advised to avoid a speech pattern that might be viewed as reflecting his personal opinion of the witnesses' credibility, the record in that respect does not rise (or fall) to the level of plain error. In context the quoted phrase could instead reasonably be viewed by jurors as inviting them to agree among themselves on the significance of the evidence that the prosecutor was outlining to them--and this Circuit has never adopted a rule rejecting a prosecutor's use of the phrase "I think ..." as per se error. See United States v. Bartemio, 547 F.2d 341, 345-46 (7th Cir.1974).
 
 
 10
 Accordingly Kozlowski's conviction must be affirmed--again, it is emphasized, without prejudice to the later presentation of a Section 2255 motion raising all facets of trial counsel's claimed constitutionally ineffective assistance.
 
 
 11
 One exception should be understood to the last point. Because there was a plain failure to comply with the requirements of 18 U.S.C. Sec. 3552(d) and of Fed.R.Crim.P. 32(a)(3)(A) and (1)(A) before Kozlowski was sentenced, the case must be remanded for resentencing. In this area the government's arguments as to asserted (1) waiver of the statute's and Rule's requirements, (2) compliance with the Rule and (3) harmless error are all empty of merit. And because Kozlowski must be resentenced, his argument as to the district court's refusal to provide him with new counsel at the time of sentencing is moot.
 
 
 12
 * * *
 
 
 13
 Kozlowski's conviction is AFFIRMED, but his sentence is VACATED and the case is REMANDED for resentencing.
 
 
 
 *
 Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3